Appellant Bucklew's petition for rehearing by panel is denied. Judge Colloton would grant the petition for rehearing by panel.
Appellant Bucklew's petition for rehearing en banc has been considered by the court and the petition is denied. Chief Judge Smith and Judge Kelly would grant the petition. Judge Colloton and Judge Gruender would grant rehearing en banc *528 on Point I of the petition for rehearing en banc.
Judge Duane Benton took no part in the consideration or decision of the petition for rehearing en banc.
KELLY, Circuit Judge, dissenting from the denial of the petition for rehearing en banc.
I would grant Russell Bucklew's petition for rehearing en banc-and reverse the district court's grant of summary judgment-for the reasons stated in the dissent from the panel opinion in this case. See Bucklew v. Precythe, 883 F.3d 1087, 1096-97, 2018 WL 1163360, at *7 (8th Cir. 2018) (Colloton, J., dissenting). I would also grant Bucklew's petition to the extent it seeks reconsideration of this court's conclusion, in Bucklew v. Lombardi, 783 F.3d 1120, 1128 (8th Cir. 2015) (en banc), that those sentenced to death must plead a "feasible, readily implemented alternative procedure" for carrying out their sentence in order to state a plausible as-applied claim under the Eighth Amendment. I continue to believe that "[f]acial and as-applied challenges to execution protocols are different," that death row inmates "need not plead a readily available alternative method of execution" to bring an as-applied challenge, and that "[a] state cannot be excused from taking into account a particular inmate's existing physical disability or health condition when assessing the propriety of its execution method." See id. at 1129 (Bye, J., concurring in the result). "While the Supreme Court has been clear on the general proposition that, so long as a state-imposed death penalty is constitutional, there must be some way for states to carry out executions, the Supreme Court has also been clear that some individuals cannot be executed." Id. at 1130 (collecting cases); see also Madison v. Alabama, --- U.S. ----, 138 S.Ct. 1172, 200 L.Ed.2d 314, 2018 WL 514241 (Feb. 26, 2018) ; Dunn v. Madison, --- U.S. ----, 138 S.Ct. 9, 12, 199 L.Ed.2d 243 (2017) (Ginsburg, J., concurring). In my view, neither Glossip v. Gross, --- U.S. ----, 135 S.Ct. 2726, 192 L.Ed.2d 761 (2015), nor any subsequent case from the United States Supreme Court dictates the result this court reached on this issue in Bucklew v. Lombardi, 783 F.3d 1120 (8th Cir. 2015) (en banc).